**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**HERMALINDA HERRERA, ET AL**                                  **PLAINTIFFS**

**VS.**                                **CIVIL ACTION NO. 3:15CV203-HTW-LRA**

**SALBADOR DELGADO, ET AL**                               **DEFENDANTS**

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

A settlement conference was conducted by the undersigned Magistrate Judge on March 29, 2017. At the conclusion of the conference, all parties agreed to the terms compromising and settling their claims and defenses. This case includes a wage and hour action filed under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. Under the terms of that Act, the Court must conduct a settlement fairness hearing to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute." The undersigned conducted this hearing at the settlement conference at the request of the parties and now recommends that the settlement be approved. The parties have filed their Joint Motion for Approval of Settlement [213] wherein they request that the Agreed Final Judgment of Dismissal be immediately entered; this motion should be granted.

In their Amended Complaint, Plaintiffs claim they were underpaid limitations period overtime premiums, primarily because their weekly FLSA hours worked were not accurately recorded. They claim underpayment wages and liquidated damages, plus their reasonable attorney's fees incurred in prosecuting the suit.

Relevant Defendants are enterprises covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s). The undersigned finds that there is a bona fide dispute as to whether Plaintiffs can prove that they worked the number of over-time hours alleged, as they challenge the accuracy of Defendants' time-keeping method. For purposes of compromise, Defendants have admitted liability for a certain amount of underpayment wages owed to the named Plaintiffs, and the parties have agreed to a certain amount of liquidated damages payable to each Plaintiff. Defendants denied liability for any further wages or damages.

Because there was a bona fide dispute as to the legal issues and the defenses in this cause, the undersigned finds that the amounts offered in settlement represent a fair and reasonable compromise of the claims and defenses involved. The undersigned further finds that this was an arms-length transaction resulting in settlement, and there is no evidence of either fraud or collusion.

The undersigned has also considered the amount of the attorneys' fees incurred in this cause. Defendants have agreed to pay a sum certain to Plaintiffs' attorneys, and this sum represents the entire attorneys' fees and costs incurred by the Plaintiffs in this civil action. The undersigned finds that this sum is fair and reasonable and should be approved by the Court. Other claims were raised and resolved in this cause, but are not relevant to the issues herein.

The parties point out that the issue of which FLSA claim waivers (other than those supervised by the U. S. Department of Justice), require judicial approval to be enforceable

2

is unclear under the law.  *See Martin v. Spring Break '84 Productions*, 688 F.3d 247, 249 (5th Cir. 2012) (enforcing individuals' private waivers); *but see Bodle v. TXL Mortgage Corp.*, 788 F.3d 159, 165 (5th Cir. 2015) (contrary conclusion under different circumstances).  All parties agree that they desire Court approval prior to entry of the Agreed Final Judgment of Dismissal.

The Joint Motion for Approval of Settlement [213] should be **granted**.  In light of the factors set forth herein, it is recommended that the Court find the settlement constitutes a fair and reasonable resolution of a bona fide dispute of the FLSA issues in this case; approve the settlement; and, enter the Agreed Final Judgment of Dismissal dismissing the action with prejudice, each party to bear its own costs.  Because all parties agree and request immediate approval, any waiting period for objections should be waived. .

Respectfully submitted, this the 25th day of April 2017.


                                 /s/ Linda R. Anderson
                        UNITED STATES MAGISTRATE JUDGE